# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

_____

In re:                                                              BKY No. 14-42151
                                                                       Chapter 7
Chad L. Monson,

       Debtor.

_____

J. Richard Stermer, Trustee,

                                                                       Adv. No.:  16-_____

       Plaintiff,

vs.                                                                **ADVERSARY COMPLAINT**

Ironplanet, Inc.,

       Defendant.

_____

       J. Richard Stermer, the Chapter 7 Trustee ("**Trustee**") of the Bankruptcy Estate of Chad L. Monson ("**Debtor**"), for his Complaint against Defendant Ironplanet, Inc. ("**Defendant**"), states and alleges as follows:

       1.      Trustee is the duly qualified Chapter 7 Trustee for Debtor's bankruptcy estate.

       2.      Defendant is an online marketplace for used heavy equipment.

       3.      Debtor has an association with Gary Monson Excavating, a business Debtor has claimed is owned and operated by his father, Gary Monson.

       4.      This action seeks to avoidance transfers of bankruptcy estate property under 11 U.S.C. §§544, 548, and 550 and Minn. Stat. §§513.44 and 513.45.

       5.      This Court has jurisdiction over this proceeding pursuant to 11 U.S.C. §§544, 548 and 550, 28 U.S.C. §157 and 28 U.S.C. §1334.

{00332288.1 }

6. Venue in this court is proper under 28 U.S.C. §1409(a). This is a core proceeding under 28 U.S.C. §157(b)(2)(H).

7. The Debtor commenced this case by filing a voluntary Chapter 7 petition on May 19, 2014.

8. Prior to the commencement of his bankruptcy case, Debtor made at least one wire transfer to Defendant for the benefit of another. More specifically, the transfer was $10,420.31 wire to Defendant's Citibank account on or about October 16, 2013 from Debtor's Wells Fargo Account (ending in 921). This transfer, together with other transfers presently unknown to the Trustee, constitute the "**Transfer**" herein.

9. The total transfers made to Defendant are unknown.

10. Debtor's liabilities exceeded his assets at all times material hereto and he was, in fact, insolvent at all times material to this matter.

11. Among other creditors, the Debtor was indebted to his former spouse, Jo Ann Monson, as of the date of the Transfer by way of her judgment in the amount of $1,590,000.00 dated August 26, 2013. The Debtor's assets were substantially less than the judgment, alone, as evidenced by his bankruptcy schedules.

**COUNT I: FRAUDULENT CONVEYANCES UNDER 11 U.S.C. §548(a)(1)(B)**

12. The Trustee restates the foregoing allegations.

13. The Debtor did not receive a reasonably equivalent value in exchange for the portion of the Transfer which occurred within the two years prior to the commencement of this case.

14. As detailed in this Complaint, the Transfer was made when the Debtor was insolvent, or the Transfer made the Debtor insolvent.

15. The Trustee can avoid the Transfer to Defendant as constructively fraudulent conveyance under 11 U.S.C. §548(a)(1)(B), and can recover the Transfers or the value of the Transfers, together with prejudgment interest under 11 U.S.C. §550(a).

**COUNT II: FRAUDULENT CONVEYANCES UNDER MINN. STAT. §513.44(a)(2)**

16. The Trustee restates the foregoing allegations.

17. The Debtor made the Transfer without receiving a reasonably equivalent value in exchange for the Transfer, at a time when the Debtor was engaged in or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to his business, or when Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

18. Evidence of the foregoing is that Debtor schemed to avoid his former wife's judgment and attempted to turn nonexempt assets into exempt assets.

19. The Transfer was made when the Debtor was insolvent, or the Debtor became insolvent as a result of the Transfer.

20. At all times material hereto, there were in existence creditors, including but not limited to, Jo Ann Monson, who could have sought avoidance of the Transfer.

21. The Trustee can avoid the Transfer to Defendant as constructive fraudulent conveyance under Minn. Stat. §513.44(a)(2), made applicable to this proceeding by 11 U.S.C. §544(b), and can recover the value of the Transfer under 11 U.S.C. §550(a).

**COUNT III: FRAUDULENT CONVEYANCES UNDER MINN. STAT. §513.45(a)**

22. The Trustee restates the foregoing allegations.

23. The Transfer was made at a time when creditors' claims existed, without the Debtor receiving a reasonably equivalent value, and while the Debtor was insolvent or became insolvent as a result of the Transfer.

24. The Trustee can avoid the Transfer pursuant to Minn. Stat. §513.45(a), made applicable to this proceeding by 11 U.S.C. §544(b), and can recovery the value of the Transfer under 11 U.S.C. §550(a).

**WHEREFORE**, J. Richard Stermer, Trustee, seeks a judgment against Defendant for the following:

1. Avoiding the Transfer pursuant to Counts I, II, and III under 11 U.S.C. §§544(b), 548(a)(1)(B) and 550(a) and under Minn. Stat. §§513.44(a)(2) and 513.45(a);

2. Entering judgment, together with interest, against Defendant and in favor of J. Richard Stermer, Trustee, in an amount in excess of $10,420.31 pursuant to 11 U.S.C. §§544(b), 548(a)(1)(B) and 550(a) and under Minn. Stat. §§513.44(a)(2) and 513.45(a);

3. Awarding J. Richard Stermer, Trustee, his costs, disbursements and attorneys' fees as allowed by law; and

4. For such other relief as the Court deems just.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: January 7, 2016      By   /e/  Matthew R. Burton
　　　　　　　　　　　　　　　　Matthew R. Burton, #210018
　　　　　　　　　　　　　　　　100 South Fifth Street, Suite 2500
　　　　　　　　　　　　　　　　Minneapolis, Minnesota  55402-1234
　　　　　　　　　　　　　　　　(612) 332-1030
　　　　　　　　　　　　　　　　*mburton@losgs.com*
　　　　　　　　　　　　　　　Attorneys for J. Richard Stermer, Trustee